**Bernard KAHLENBERG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 84-5196.**

United States Court of Appeals, Eleventh Circuit.

July 29, 1986.

Sharon B. Jacobs, Miami, Fla., for petitioner.

Leon Kellner, U.S. Atty., Miami, Fla., James A. Hunolt, Office of Immigration Litigation, Civ. Div., Washington, D.C., for respondent.

Before RONEY and KRAVITCH, Circuit Judges, and THOMAS *, Senior District Judge.

### ORDER

In our opinion *Kahlenberg v. Ins.,* 763 F.2d 1346 (11th Cir.1985), we held that Mr. Kahlenberg was statutorily ineligible for adjustment of status as an investor since his application for adjustment of status was not approved on or before June 1, 1978, so as to qualify him as a non-preference immigrant thereby exempting him from the labor certification requirements of Section 212(a)(14) of the Immigration and Naturalization Act.

Our holding was influenced, to a large extent, by our reliance upon the Immigra-

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

tion Service's interpretation of its own regulations. The Board of Immigration Appeals recently had the opportunity to address this issue in light of 8 C.F.R. § 245.1(C)(2)(iv) (1986). In *Matter of Amornvootiskul,* Case Nos. 5 A–22450984 and A–22450985, Board of Immigration Appeals Interim Decision No. 3009 (April 1, 1986), the Board held that an alien will have qualified as a non-preference immigrant if the application for investor status was subsequently approved with a priority date on or before June 1, 1978.

Upon reconsideration of the matter, we hereby RECALL OUR MANDATE and remand this case to the Board of Immigration Appeals for review and reconsideration in light of *Matter of Amornvootiskul, supra* and 8 C.F.R. § 245.1(c)(2)(iv)(1986). Accordingly, a stay of deportation will issue until such time as the Board of Immigration Appeals has reviewed the same pursuant to this remand.